UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQAVIOUS WILLIAMS,

              Petitioner,              Case Number 20-cv-12680
                                                      Honorable David M. Lawson

v.

WILLIS CHAPMAN,

              Respondent.
_____/

**<ins>OPINION AND ORDER DENYING PETITIONER'S REQUEST FOR A STAY AND DIRECTING HIM TO MAKE AN ELECTION</ins>**

Petitioner Jaqavious Williams returns to this Court with a second petition for a writ of habeas corpus challenging his murder conviction. His first petition was dismissed without prejudice at his request so he could return to state court to pursue unexhausted claims. In his current petition, Williams raises seven claims but acknowledges that only two of them are exhausted. He asks the Court to stay this case, hold his petition in abeyance, and allow him to return to state court again. However, the stay option is reserved for appropriate circumstances, and Williams already had the opportunity to avail himself of the State's post-conviction procedures. The Court will not stay this case just so Williams can repeat the procedure. Because the present petition presents both exhausted and unexhausted claims and therefore is a "mixed petition," Williams must decide whether he will amend his petition to delete the unexhausted claims.

I.

Williams pleaded guilty in the Saginaw, Michigan circuit court to second-degree murder and possession of a firearm during a felony. He subsequently moved to withdraw his plea. The

trial court denied the motion and sentenced Williams to a minimum term of 48 years for the murder conviction and a consecutive term of two years for the firearm conviction. He appealed his convictions on the basis that the trial court erred by denying his motion to withdraw the guilty plea. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented, *People v. Williams*, No. 324309 (Mich. Ct. App. Dec. 2, 2014), and the Michigan Supreme Court denied his application for leave to appeal on June 30, 2015, because it was not persuaded to review the question presented to the court, *People v. Williams*, 498 Mich. 853, 865 N.W.2d 21 (2015).

Williams then filed his first habeas corpus petition, raising the same claim that he presented to the Michigan Court of Appeals. *See Williams v. Winn*, No. 15-14030 (E.D. Mich. Nov. 10, 2015). He also included in his petition a request that the Court stay the federal proceedings and hold the petition in abeyance while he exhausted state court remedies for several new claims that were not raised on direct appeal, mostly criticizing his lawyer's performance. The Court denied the motion for a stay because Williams had time before the statute of limitations expired to return to state court for post-conviction proceedings. The Court, nevertheless, gave Williams the option of seeking a dismissal without prejudice. Williams subsequently asked the Court to dismiss his petition without prejudice so that he could pursue his unexhausted claims in state court. On December 17, 2015, the Court granted Williams' motion and dismissed the petition without prejudice.

On September 23, 2016, Williams filed a motion for relief from judgment in the state trial court. The trial court denied the motion. Williams appealed the trial court's decision. In lieu of granting leave to appeal, the Michigan Court of Appeals remanded the case for re-sentencing because the minimum sentence exceeded the parties' plea and sentencing agreement by four

months. The court of appeals denied the application for leave to appeal in all other respects because Williams had failed to establish that the trial court erred in denying his motion for relief from judgment. *See People v. Williams*, No. 337918 (Mich. Ct. App. Oct. 6, 2017).

On remand, the trial court re-sentenced Williams to prison for a minimum term of 48 years for the murder conviction and a consecutive term of two years for the felony-firearm conviction. When Williams appealed his new sentence, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented, *People v. Williams*, No. 345499 (Mich. Ct. App. Oct. 30, 2018), and again the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to the court. *See People v. Williams*, 504 Mich. 901; 929 N.W.2d 345 (2019). The supreme court's order was dated July 2, 2019.

On September 23, 2020, Williams filed this case alleging the following grounds for habeas relief: (1) the trial court erred when scoring certain offense variables of the sentencing guidelines; (2) he was denied the effective assistance of counsel when trial counsel failed to make appropriate objections to errors in the case; (3) he was prosecuted under the wrong statute in violation of his state and federal constitutional right to due process; (4) he is entitled to re-sentencing without the habitual offender enhancement because he was not given notice of the habitual offender charge, the prosecutor relied on inaccurate information to enhance his sentence, he was not aware of the 25-year minimum sentence before taking his plea, and the habitual offender notice was not part of the plea and sentencing agreement; (5) he should be permitted to withdraw his plea because his plea was not voluntarily, knowingly, and intelligently made; (a) there was an insufficient factual basis to support his plea, (b) the trial court departed from the agreed minimum sentence, and (c) he was coerced into pleading guilty; (6) he was denied effective assistance of counsel when counsel (a) failed to investigate his case, (b) consult with him about the charges, and (c) objected to some

issues; and (7) appellate counsel was ineffective for failing to discover and raise claims three through six.  ECF No. 1, PageID.1-2.

Williams alleges that he exhausted state remedies for only his first and second claims.  *Id*. at PageID.2.  He says that he wants to stay his case and return to state court to file another post-conviction motion addressing his five unexhausted claims because he "did not have time to do legal research" on those claims before filing his first motion in state court due to library access restrictions resulting from the global pandemic.

II.

Williams is well aware that a prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust his remedies in state court.  *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The exhaustion requirement is satisfied if the prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *O'Sullivan,* 526 U.S. at 845, 847.  A Michigan petitioner must present each ground to both of Michigan's appellate courts before seeking federal habeas corpus relief.  *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

The "total exhaustion" rule ordinarily prohibits a federal district court from adjudicating a "mixed" petition, that is, one containing both exhausted and unexhausted claims.  *See Rhines v. Weber,* 544 U.S. 269, 273–74 (2005); *see also Rose v. Lundy,* 455 U.S. 509, 510 (1982) (holding that a district court must dismiss mixed petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court").  Dismissing a mixed petition can be fatal to a

petitioner's claims because he has only one year after his conviction becomes final to file his habeas corpus petition in federal court. 28 U.S.C. § 2244(d).

In *Rhines*, the Supreme Court approved a "stay and abeyance" procedure, which allows a district court to stay a habeas case and hold the petition in abeyance while the petitioner returns to state court to pursue previously unexhausted claims. *Id*. "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. That procedure provides some relief from the statute of limitations' ticking clock. But the "stay and abeyance" procedure is available only in "limited circumstances," such as when "there was good cause for the petitioner's failure to exhaust his claims first in state court," his unexhausted claims are not plainly meritless, and the petitioner is not engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277-78.

When faced with a mixed petition, the district court has other options as well that include dismissing the petition without prejudice, allowing the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or denying the petition on the merits if none of the exhausted or unexhausted claims has merit. *Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009); 28 U.S.C. § 2254(b)(2).

For Williams, the stay option is not available because he has not stated sufficient grounds to qualify for it. He alleges that his appellate attorney was ineffective by not discovering and raising claims three through six on appeal. However, he appears to have waived his third claim — that he was prosecuted under the wrong statute — by pleading guilty. And even if claims four through six have arguable merit, no lawyer prevented Williams from raising those claims in his motion for relief from judgment; he had no right to counsel on state collateral review. *Coleman v. Thompson*, 501 U.S. 722, 756 (1991) (noting "that a criminal defendant has

no right to counsel beyond his first appeal in pursuing state discretionary or collateral review"). Williams has not shown good cause for not raising his unexhausted claims in state court before filing his current petition.

Moreover, the Michigan Court Rules limit the number of motions for relief from judgment that a defendant may file in a criminal case. Generally, only one motion for relief from judgment per conviction is allowed. Mich. Ct. R. 6.502(G)(1). Exceptions are made where a second or subsequent motion is based on a retroactive change in the law or new evidence that was not discovered before the first motion was filed. Mich. Ct. R. 6.502(G)(2). A court also may waive the rule if there is a significant possibility that the defendant is innocent of the crime. *Ibid.* But Williams is not relying on a retroactive change in the law or on new evidence, and his guilty plea undermines a claim of actual innocence. Thus, it does not appear that Williams has an available to state remedy to exhaust.

Dismissing the present petition certainly is an option available to the Court, but not one likely that Williams would prefer. A dismissal at this stage would be fraught with statute of limitations problems.

The option of permitting the petitioner to dismiss the unexhausted claims and to proceed with the exhausted claims may not be very satisfactory to Williams, but it may be the only practical alternative available to him. Otherwise, even if his first two claims had merit, the Court could only deny relief on the mixed petition. 28 U.S.C. § 2254(b)(2).

III.

The Court is unwilling to stay this case. Williams, therefore, must decide how he will proceed with his petition.

Accordingly, it is **ORDERED** that Williams' request for a stay is **DENIED**.

It is further **ORDERED** that, **on or before August 30, 2021**, Williams must file an amended petition for a writ of habeas corpus that contains only exhausted claims or inform the Court in writing that he elects not to do so.  If the petition does not respond within the time permitted, the Court will dismiss the mixed petition.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  July 16, 2021